JAMES PECKHAM & ELIAS PECKHAM, Copartners, *vs.* PETER
KIERNAN.

A. sold certain goods to B., taking in payment the standing wood on a farm held by B. Of
this standing wood the amount brought to market by A. only paid the outlay made for
cutting and hauling, and the trade with B. was made pending equity proceedings, which
involved the title to the farm and which resulted adversely to B.
*Held,* that there was a total failure of consideration for the goods sold by A. to B.
*Held,* further, that A. could maintain *assumpsit* against B. for the value of these goods.

EXCEPTIONS to the Court of Common Pleas.

This action was *assumpsit* on book account for goods furnished
by the plaintiffs to the defendant, brought in the Court of Com-
mon Pleas. It appeared in evidence that the plaintiffs took in
pay for the goods all the standing wood on a farm in Gloucester,
the title to which stood upon the record in the name of the defend-
ant and his children. Some sixty cords were cut by the plaintiffs
and moved off the farm and piled up, and some fifteen cords in
addition were cut, drawn to Providence, and sold, the proceeds of
which were not more than enough to pay the total expense of the
cutting and hauling done by the plaintiffs. It also appeared that
the defendant sold this standing wood to the plaintiffs pending a
bill in equity, brought by one Frances E. Gardner, the defendant's
grantor, against the defendant to set aside the sale and convey-
ance of the farm to him on account of his fraud in the transaction,[1]
upon which a final decree was entered for the complainant, so that
the defendant had no title to said farm when he sold the wood to
the plaintiffs.

The presiding justice charged the jury : " The facts do not show
a total failure of consideration ; therefore the plaintiffs cannot re-
cover in the present form of action the price of the articles deliv-
ered to the defendant in payment for said wood. You will there-
fore only return a verdict for the plaintiffs for those articles sold
and delivered to the defendant, which it is proven had nothing to
do with and were no part of the wood contract." To this charge
the plaintiffs excepted.

*July* 9, 1881. PER CURIAM. We think that the evidence dis-

---

[1] See *Gardner* v. *Peckham, ante,* pp. 102, 103.

closes an entire failure of consideration for the goods delivered by the plaintiffs to the defendant in payment for the wood. The expense of cutting and drawing out the wood amounted to as much as they received for the fifteen cords which they carted to Providence and sold. And even if this were not so, the plaintiffs were liable to Mrs. Gardner for the value of these fifteen cords. We think the court erred in its ruling that the testimony did not show a total failure of consideration, and therefore sustain the exception and grant the plaintiffs a new trial.

*Exceptions sustained.*

*Ziba O. Slocum*, for plaintiffs.
*William H. Baker*, for defendant.

NOTE. — The CHIEF JUSTICE did not sit in this case.